## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CAROLYN VERONICA WILLIAMSON,  
       Plaintiff

       vs

PAUL McDOLE, et al.,  
       Defendants

Case No. 1:10-cv-330  
Spiegel, J.  
Wehrman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff Carolyn Veronica Williamson brings this action pro se pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.*, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C.A. § 621 *et seq.*, alleging discrimination in employment against Paul McDole, Jr., Rose Kilgour, and Darryl Patrick, employees of plaintiff's former employer Cincinnati Public Schools. Plaintiff also alleges state law claims for defamation and false imprisonment. Cincinnati Public Schools is not named as a defendant in the complaint.

This matter is before the Court on defendants' motion to dismiss (Doc. 10), to which plaintiff has not responded. For the reasons that follow, defendants' motion to dismiss should be granted.

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, (1974). *See also Erickson v. Pardus,* 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). It is well-settled that documents filed by a pro se

litigant must be liberally construe and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 94; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. While the plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson,* 551 U.S. at 93 (citations omitted).

Plaintiff's complaint alleges that on October 23, 2006, defendant Rose Kilgour falsely accused plaintiff of being intoxicated on the job. Plaintiff states she was "illegally detained for

2

several hours and forced to submit to drug testing" against her will. She alleges the tests were negative. Plaintiff alleges a claim of "defamation of character." (Doc. 3 at 2).

The complaint further alleges that plaintiff was wrongfully terminated by defendant Paul McDole, Jr. on October 8, 2009. Plaintiff alleges she was "wrongfully suspended indefinitely from substitute teaching for alleged inappropriate behavior that was never proven while I was on an assignment at Cheviot School. No investigation ever done." *Id.*

Defendants seek dismissal of plaintiff's federal law claims for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b)(6). Defendants assert that because plaintiff's complaint names three individuals as defendants, none of whom is an "employer" within the meaning of Title VII or the ADEA, the complaint fails to state a claim for relief and must be dismissed. The Court agrees.

Plaintiff's Title VII and ADEA claims against the individually named defendants must be dismissed because these individuals cannot be held liable as defendants under Title VII or the ADEA. In *Wathen v. General Elec. Co.*, 115 F.3d 400 (6th Cir. 1997), the Sixth Circuit held, "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.* at 405. Likewise, there is no individual liability under the ADEA. *See Sabouri v. Ohio Dept. of Educ.,* 142 F.3d 436, No. 96-4331, 1998 WL 57337, at *2 (6th Cir. Feb. 2, 1998); *Scott v. Potter*, No. 1:03-cv-669, 2005 WL 1490976, at *8 (S.D. Ohio June 23, 2005). Plaintiff alleges no facts indicating defendants McDole, Kilgour, and Patrick qualify as employers under Title VII or the ADEA. For this reason, the Court determines that defendants' motion to dismiss plaintiff's federal law claims is well-taken and should be granted.

3

Liberally construed, plaintiff alleges state law claims of false imprisonment and defamation. Plaintiff alleges she was falsely accused of being intoxicated on the job and "illegally detained for several hours" on October 23, 2006. The statute of limitations under Ohio law for defamation and false imprisonment is one year. *See Rennick v. Provident Bank*, No. 1:06-cv-820, 2008 WL 696893, at *7 and *9 (S.D. Ohio March 12, 2008) (citing Ohio Rev. Code § 2305.11(A)); *see also Glass v. Glass*, No. 02CA704, 2003 WL 22006807, at *4 (Ohio App. 4th Dist. Aug. 13, 2003) (and cases cited therein). Plaintiff's complaint was filed on March 25, 2010, and is therefore untimely. Because plaintiff's state law claims are barred by the statute of limitations, plaintiff's state law claims must also be dismissed.

### IT IS THEREFORE RECOMMENDED:

1. Defendants' motion to dismiss should be **GRANTED**.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date   October 14, 2010      s/ J. Gregory Wehrman
       ``                J. Gregory Wehrman
                        United States Magistrate Judge

4

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

CAROLYN VERONICA WILLIAMSON,          Case No. 1:10-cv-330
      Plaintiff                                Spiegel, J.
                                          Wehrman, M.J.

      vs

PAUL McDOLE, et al.,
      Defendants

## NOTICE TO THE PARTIES REGARDING THE FILING OF OBJECTIONS TO R&R

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by ( *Printed Name* )   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Carolyn Veronica Williamson<br>1636 California Ave<br>Apt. 1<br>Cinti, OH 45237 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail ☐ Express Mail<br>☐ Registered ☐ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)* ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8389 8985 |
| PS Form 3811, August 2001     Domestic Return Receipt | 102595-02-M-1540 |

1:10 cv 330 (Doc. 12)