UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CAROLYN VERONICA WILLIAMSON, :
: NO. 1:10-CV-00330
    Plaintiff, :
:
:
v. : **OPINION AND ORDER**
:
:
PAUL McDOLE, et al., :
:
    Defendants. :

    This matter is before the Court on the Magistrate Judge's Report and Recommendation, (doc. 12), to which no objections were filed. In his Report and Recommendation, the Magistrate Judge recommended that Defendants' Motion to Dismiss (doc. 10) be granted, and the Court agrees.

    This is an employment discrimination action brought pursuant to 42 U.S.C. § 2000 et seq. (Title VII) and 29 U.S.C. § 621 et seq. (ADEA), in which Plaintiff, proceeding pro se, alleges that she was discriminated against on the bases of race and age when she was "wrongfully suspended" for allegedly being intoxicated while working as a substitute teacher (doc. 3). Plaintiff filed suit against three individual defendants, alleging that Defendant Kilgour illegally detained her for several hours and forced her to take a drug test against her will, which test came back negative, and that Defendant McDole wrongfully suspended her for inappropriate behavior that was never proven and for which no

investigation was conducted.  Plaintiff named Darryl Patrick as a defendant but provided no facts relating to him in her complaint (doc. 3).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants moved to dismiss all claims against them on the basis that Plaintiff failed to state a claim for relief, arguing that because Plaintiff's complaint names three individuals as defendants, none of whom is an "employer" under the applicable statutes, the federal-law claims should be dismissed (doc. 10). Additionally, Defendants contend that Plaintiff's state-law claims for defamation and false imprisonment are time-barred and argue they should be dismissed (Id.).

The Magistrate Judge agreed with Defendants, noting that individual defendants cannot be held liable under either Title VII or the ADEA and that the Ohio statute of limitations for both defamation and false imprisonment is one year, and Plaintiff's complaint was filed nearly three-and-one-half years after the incident at issue (doc. 12).

The parties were served with the Magistrate Judge's Report and Recommendation and were therefore afforded proper notice of the Magistrate Judge's Report and Recommendation as required by 28 U.S.C. § 636(b)(1)(C), including the notice that failure to file timely objections to the Report and Recommendation would result in a waiver of further appeal.  See United States v. Walters, 638 F.2d

947, 949-50 (6th Cir. 1981).  Neither Party filed objections thereto within the time frame provided for by Fed. R. Civ. P. 72(b) and 28 U.S.C. § 636(b)(1)(C).  When no objections have been filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the Magistrate Judge's recommendation.  See Advisory Committee Notes to Fed. R. Civ. P. 72; Thomas v. Arn, 474 U.S. 140, 150(1985)("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Having reviewed this matter pursuant to 28 U.S.C. §636(b), the Court finds no clear error on the face of the record and further finds the Magistrate Judge's Report and Recommendation well-reasoned and correct.  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation in its entirety (doc. 12) and therefore GRANTS Defendants' Motion to Dismiss (doc. 10).

SO ORDERED.

Dated: November 23, 2010        /s/ S. Arthur Spiegel

                                S. Arthur Spiegel
                                United States Senior District Judge